**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PETER WALKER, | ) | NO. CV 19-3218-E |
|                Plaintiff, | ) | |
|    v. | ) | **ORDER OF DISMISSAL** |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | ) | |
|                Defendant. | ) | |

Plaintiff filed this social security action on April 24, 2019. The parties consented to proceed before a United States Magistrate Judge. Defendant filed an Answer on August 19, 2019.

In accordance with the "Order," filed May 2, 2019, Plaintiff's motion for summary judgment or remand was due thirty days after the filing of Defendant's Answer. Defendant's Answer was filed on August 19, 2019, but Plaintiff failed to file a motion for summary judgment or remand within thirty days thereafter.

///

///

By Minute Order filed September 24, 2019, the Court observed that Plaintiff's motion for summary judgment was overdue. The same Order required Plaintiff to file within twenty (20) days of September 24, 2019, a motion for summary judgment or a declaration signed under penalty of perjury attempting to show cause, if there be any, why this action should not be dismissed for failure to prosecute. The Court cautioned that "[f]ailure timely to comply with this order may be deemed consent to the dismissal of this action." Nevertheless, Plaintiff failed to comply with the September 24, 2019 Minute Order within the allotted time.

In view of the circumstances discussed above, this action is dismissed without prejudice for failure to prosecute and failure to comply with the Court's orders to file a timely motion for summary judgment or remand. See Link v. Wabash, R.R., 370 U.S. 626, 629-30 (1952) (court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.), cert. denied, 506 U.S. 915 (1992) (court may dismiss action for

///
///
///
///
///
///
///
///
///

failure to comply with a court order, after the court considers the appropriate factors);[1] <u>see also</u> Fed. R. Civ. P. 41(b).


        LET JUDGMENT BE ENTERED ACCORDINGLY.


        DATED: October 23, 2019.


                                    /s/
                            _____
                            CHARLES F. EICK
                            UNITED STATES MAGISTRATE JUDGE

---

        [1]     The Court has considered the appropriate factors recited in <u>Ferdik v. Bonzelet</u> and has concluded that dismissal without prejudice is appropriate.  In particular, any less drastic alternative would not be effective under the circumstances of this case.